Filed 10/25/24  In re K.H. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re K.H., a Person Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> KAREN H., <br><br> Defendant and Appellant. | F087879 <br><br> (Super. Ct. No. JD144788-0) <br><br> **OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Michael G. Bush, Judge.

Elaine Forrester, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Meehan, Acting P. J., Snauffer, J. and DeSantos, J.

In this juvenile dependency case, Karen H. (mother) appeals from orders the juvenile court made at the six-month review hearing (Welf. & Inst. Code,[1] § 366.21, subd. (e)) terminating reunification services as to her minor daughter, K.H., and granting family maintenance services to K.H.'s father, Patricio S. (father). After reviewing the record, mother's court-appointed counsel informed this court she could find no arguable issues to raise on mother's behalf. This court granted mother leave to personally file a letter brief setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844.) Mother filed a letter brief but failed to make such a showing. Accordingly, we dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 5, 2023, the Kern County Department of Human Services (department) filed a juvenile dependency petition on behalf of newborn K.H., alleging she came within the juvenile court's jurisdiction under section 300, subdivision (b)(1) because mother's mental illness and substance abuse put her at risk of harm. It specifically alleged that at the time of K.H.'s birth, she tested positive for fentanyl and mother tested positive for amphetamines. Mother had a history of abusing methamphetamine, used methamphetamine during her pregnancy, and displayed behaviors such as talking to herself and accusing family members of kidnapping her child. Father was listed as an alleged father in the petition.

The juvenile court ordered K.H. detained from mother on July 10, 2023. Father made his first appearance in court at a hearing later in July 2023 and requested paternity testing. Following detention, mother visited with K.H., and the visits were reported to go well, but mother did not engage with her voluntary case plan consisting of parenting and

---

[1]     Further undesignated statutory references are to the Welfare and Institutions Code.

child neglect classes, substance abuse counseling, random drug testing, and a mental health assessment.

At the combined jurisdiction/disposition hearing conducted on October 9, 2023, the juvenile court sustained the petition and found that K.H. was described by section 300, subdivision (b)(1). The court adjudged K.H. a dependent, ordered her removed from the parents' custody, and ordered both parents to receive reunification services. Mother was ordered to participate in substance abuse counseling and 14 weeks of parenting/neglect classes, obtain a mental health assessment and comply with recommendations, and submit to random drug testing. As the paternity testing revealed father to be K.H.'s father, he was declared K.H.'s biological father.

Mother did not enroll in any of her case plan components and told the social workers that she did not wish to participate in the case plan. She cancelled several visits throughout the review period, and her last documented visit with K.H. was on November 22, 2023. K.H. was placed with the maternal grandmother in November 2023. Father completed his case plan and started having unsupervised visits with K.H. in February 2024.

At the six-month review hearing conducted on April 9, 2024, the juvenile court found mother had not made acceptable efforts or availed herself of the services provided to facilitate a return of K.H. to her care and that return to her care would create a substantial risk of detriment to K.H. It further found, by clear and convincing evidence, that mother had failed to participate regularly and make substantive progress in a court-ordered treatment plan, and there was not a substantial probability that K.H. would be returned to mother within six months. It found the department had complied with the case plan by making reasonable efforts and providing reasonable services for K.H. to safely return home. The court ordered mother's reunification services be terminated and that K.H. be placed with father with family maintenance services. At the conclusion of

3.

the hearing, father's counsel requested father be elevated to presumed father. County counsel noted father had been having overnight visits with K.H. in his home, and that the department did not object. The court declared father the presumed father with no objection from any party.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If the appellant fails to do so, the appeal may be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

In her letter brief, mother alleges several errors occurred, none of which constitute arguable issues. First, she disputes the facts underlying the juvenile court's jurisdictional findings. She contends she did not use illegal substances, notes she and K.H. tested positive for different substances at the time of K.H.'s birth, and further notes K.H. did not suffer withdrawal symptoms in the months following her birth. She further contends documents such as her hospital discharge records, a mental assessment she underwent prior to giving birth "help indicate that the CPS reports are not true" and explain why she did not follow her case plan. These contentions are not proper for our review because they appear to address the jurisdictional findings, which are now final and we do not have jurisdiction to review. (*Sara M. v. Superior Court* (2005) 36 Cal.4th 998, 1018 [appeal from the most recent order in a dependency matter may not challenge earlier orders for which the time to file an appeal has passed].)

Mother also makes several assertions that appear to have occurred after the six-month review hearing, including that father "has been asked to leave the country," and that he had mentioned to the maternal grandmother "he has new financial burdens since the baby." These contentions are not proper for our review because they allude to

4.

evidence not before the juvenile court and are outside the record on appeal.  (See *In re Zeth S.* (2003) 31 Cal.4th 396, 400 [generally a reviewing court may not consider evidence that is outside the record on appeal and not considered by the trial court nor consider postjudgment evidence never before the juvenile court to reverse the judgment absent rare and compelling circumstances].)

Mother also briefly notes that father did not sign K.H.'s birth certificate.  To the extent mother means to argue father should not have been elevated to presumed status at the six-month review hearing, this statement alone fails as articulating an arguable issue.  Mother did not object below to father being declared presumed father and fails to address that signing the birth certificate is only one factor a court may consider in determining whether a parent qualifies for presumed status.  (See *In re J.H.* (2011) 198 Cal.App.4th 635, 646 [listing multiple factors courts have considered in "determining whether a man has 'receiv[ed a] child into his home and openly h[eld] out the child' as his own" pursuant to Fam. Code, § 7611 on presumed parents].)

Mother states she would like K.H. placed with her and the maternal grandmother, as they live together currently, noting K.H. was doing well when placed with her maternal grandmother.  Mother cites no legal authority justifying the relief she seeks.  We note that at a six-month review hearing, if the child was under three years of age at the time of initial removal, as K.H. was here, the court may terminate reunification services if it finds the parent failed to participate regularly and make substantive progress in a court-ordered treatment plan, there is not a substantial probability the child may be returned to the parent within six months, and that reasonable services have provided.  (§ 366.21, subd. (e)(3).)  Mother does not contend she actually made any progress in her case plan nor otherwise argues the court erred by terminating reunification services as to her.

In addition, the court is required to return a dependent child to their parent unless it finds the return would result in detriment to the child.  (§ 366.21, subd. (e)(1).)  None

of mother's assertions constitute a legal argument based on evidence before the juvenile court that the court erred by placing K.H. with father.

For these reasons, we conclude mother has not made a good cause showing that an arguable issue of reversible error exists. Accordingly, we dismiss the appeal.

## **<u>DISPOSITION</u>**

The appeal is dismissed.